## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **DANIEL AND TAMMY DEMARY, INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY**<br><br>    Plaintiffs,<br><br>versus<br><br>**FREEDOM TRUCKS OF AMERICA, L.L.C.; JW NELSON TRANSPORTS, INC.; TRIMAC TRANSPORTATION, INC.; AND VOPAK NORTH AMERICA, INC.**<br><br>    Defendants | **CIVIL ACTION NO.**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

# **Table of Contents**

Table of Contents ................................................................................................................................ i

Table of Authorities ......................................................................................................................... ii

I.      Procedural Background ........................................................................................................ 1

II.     Diversity of Citizenship Jurisdiction ................................................................................. 2

         A.      There is complete diversity between the properly-joined parties. ........................... 2

         B.      Defendant FreedomTrucks of America, LLC, has been improperly joined to the pending lawsuit for the sole purpose of defeating diversity jurisdiction and removal. ......................................................................................................... 3

         C.      Defendant J.W. Nelson Transports, Inc., has also been improperly joined to the pending lawsuit for the sole purpose of defeating diversity jurisdiction and removal. ......................................................................................................... 7

III.    Amount in Controversy ..................................................................................................... 10

IV.    Consent to Removal .......................................................................................................... 11

# Table of Authorities

**Cases**

*Bazley v. Tortorich*, 397 So. 2d 475 (La. 1981) .......................................................................... 5

*Bridges v. Carl E. Woodward, Inc.*, 94-2675 (La. App. 4 Cir. 10/12/95); 663 So. 2d 458 ............ 6

*Brown v. James Constr. Grp.*, C.A. No. 3:19-cv-01060, 2019 U.S. Dist. LEXIS 211877 (W.D. La. Nov. 20, 2019), *report and recommendation adopted*, Brown v. James Constr. Grp., L.L.C., 2019 U.S. Dist. LEXIS 210459 (W.D. La. Dec. 5, 2019) ....... passim

*Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758 (5th Cir. 2016) ................................................ 3

*Deggs v. Fives Bronx, Inc.*, C.A. No. 19-406, 2020 U.S. Dist. LEXIS 51798 (M.D. La. Mar. 3, 2020) ................................................................................................................... 10

*Deshotel v. Guichard Operating Co.*, 03-3511 (La. 12/17/04); 916 So. 2d 72 .............................. 4

*Giles v. Wal-Mart La. LLC*, C.A. No. 16-2413, 2016 U.S. Dist. LEXIS 63514 (E.D. La. May 13, 2016) ................................................................................................................. 7, 9

*Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993) ........................................................ 11

*Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013) .................................................... 3

*Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99); 731 So. 2d 208 ....................................... 5

*Ross v. Citifin., Inc.*, 344 F.3d 458 (5th Cir. 2003) ....................................................................... 4

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc) .................................... 3

*Wilford v. Nationwide Mut. Ins. Co.*, C.A. No. 21-1123, 2021 U.S. Dist. LEXIS 198843 (E.D. La. Oct. 14, 2021) ..................................................................................................... 5

**Statutes**

28 U.S.C. § 124 ............................................................................................................................. 2

28 U.S.C. § 1332 ..................................................................................................................... 1, 10

28 U.S.C. § 1441 ....................................................................................................................... 1, 2

28 U.S.C. § 1446 ....................................................................................................................... 1, 2

28 U.S.C. § 98 ............................................................................................................................... 2

La. R.S. § 23:1031 ........................................................................................................................ 4

La. R.S. § 23:1032 ................................................................................................................ 4

Defendant Vopak North America Inc. ("Vopak")[1] hereby gives notice and removes the civil action entitled "*Daniel and Tammy Demary, Individually and as Surviving Parents of Justin Demary v. Freedom Trucks of America, L.L.C., and JW Nelson Transports, Inc., and Trimac Transportation, Inc., and Vopak North America, L.L.C.*," bearing Suit No. 2022-000013, from the 14th Judicial District Court, Parish Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lake Charles Division. This removal is done pursuant to 28 U.S.C. §§ 1441 and 1446, and based on this Court's jurisdiction under 28 U.S.C. § 1332.

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. This action may be removed, because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, as detailed below.

## I. Procedural Background

1.  On January 3, 2022, Daniel and Tammy Demary, individually and as surviving parents of Justin Demary (collectively, the "Plaintiffs") filed a civil action entitled "*Daniel and Tammy Demary, Individually and as Surviving Parents of Justin Demary v. Freedom Trucks of America, L.L.C., and JW Nelson Transports, Inc., and Trimac Transportation, Inc., and Vopak North America, L.L.C.*," bearing Suit No. 2022-000013, in the 14th Judicial District Court, Parish Calcasieu, State of Louisiana (the "State Court Action").

2.  The suit arises out of the death of Mr. Justin Demary (the "Decedent") on or about February 22, 2021.

3.  Vopak received long-arm service of the State Court Action on February 22, 2022, via certified mail, which is when Vopak first learned of the State Court Action's existence.

---

[1] Vopak North America Inc. is incorrectly identified as "Vopak North America, L.L.C.," in the state-court caption. However, in the body of the Petition for Damages, the Plaintiffs correctly identify the entity as Vopak North America Inc.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Vopak are attached hereto as **Exhibit 1**.

5. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. §§ 124(c)(2), 98(a), and 1441(a), this Notice of Removal is properly filed in the Western District of Louisiana, Lake Charles Division, because the jurisdiction of this Court embraces the Parish of Calcasieu, the parish in which the State Court Action was instituted.

7. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.

## II. Diversity of Citizenship Jurisdiction

### A. There is complete diversity between the properly-joined parties.

8. Plaintiffs are citizens of Louisiana, domiciled in the Parish of Calcasieu, both at the time of the institution of the State Court Action and at the time of removal.[2]

9. Defendant Vopak North America Inc., is a corporation that is incorporated under the laws of the State of Delaware, with its principal place of business/"nerve center" located in the State of Texas, both at the time of the institution of the State Court Action and at the time of removal.

10. Trimac Transportation, Inc. ("Trimac"), is a corporation that is incorporated under the laws of the State of Delaware, with its principal place of business/"nerve center" located in the State of Texas, both at the time of the institution of the State Court Action and at the time of removal.

---

[2] *See* **Exhibit 1**, Petition for Damages, p. 1.

11. Thus, there is complete diversity between the properly-joined parties.

12. Admittedly, the remaining defendants, FreedomTrucks of America, LLC, and J.W. Nelson Transports, Inc., are non-diverse from the Plaintiffs. However, both of these entities can be disregarded—for purposes of both diversity of citizenship and the procedural bar against removal of a diversity suit that includes a forum-domiciled defendant—as these parties are improperly joined, as discussed further below.[3]

### B. Defendant FreedomTrucks of America, LLC, has been improperly joined to the pending lawsuit for the sole purpose of defeating diversity jurisdiction and removal.

13. "Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[4] The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5] As part of the improper-joinder analysis, the "court may pierce the pleadings and consider summary-judgment type evidence."[6]

---

[3] *See Brown v. James Constr. Grp.*, C.A. No. 3:19-cv-01060, 2019 U.S. Dist. LEXIS 211877, at *5 (W.D. La. Nov. 20, 2019), *report and recommendation adopted*, *Brown v. James Constr. Grp., L.L.C.*, 2019 U.S. Dist. LEXIS 210459, at *1 (W.D. La. Dec. 5, 2019) ("To disregard the citizenship of the non-diverse defendant, defendants must establish that Owens was but an improperly joined or nominal party.") *See also id.* at *5 n.1 ("It is not clear whether plaintiff also invoked the procedural bar against removal of a diversity suit that includes a forum-domiciled defendant. Regardless, as with a non-diverse defendant, the foregoing procedural defect may be overcome if the removing defendant establishes that the forum-domiciled defendant was improperly joined.") (internal citations omitted).

[4] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[5] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[6] *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

14. To survive an improper-joinder analysis, "there must be a reasonable possibility of recovery, not merely a theoretical one."[7]

15. "The court may resolve the improper joinder issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[8]

16. According to the allegations in the State Court Action, Defendant, FreedomTrucks of America, LLC ("FreedomTrucks"), employed the Decedent.[9]

17. The Louisiana Workers Compensation Act ("LWCA") governs injuries occurring in the workplace. "[W]ith the exception of intentional acts, workers' compensation is the exclusive remedy available to an 'employee or his dependent' for work-related injuries and illnesses."[10] "The LWCA precludes suits against both co-employees and employers arising out of negligence or strict liability in the workplace."[11]

---

[7] *Ross v. Citifin., Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original).

[8] *Brown*, 2019 U.S. Dist. LEXIS 211877, at *6. While the analysis in this Notice of removal focuses on the former means to resolve, Vopak avers that the Court should turn to the latter approach (i.e., pierce the pleadings and review summary-judgment evidence) to the extent necessary. Nevertheless, Vopak believes that the allegations, in and of themselves, are insufficient to show that the Plaintiffs have a possibility of recovery against FreedomTrucks of America, LLC, or J.W. Nelson Transports, Inc.

[9] *See* **Exhibit 1**, Petition for Damages, p. 3, ¶ 8.

[10] *Brown*, 2019 U.S. Dist. LEXIS 211877, at *8 (quoting *Deshotel v. Guichard Operating Co.*, 03-3511 (La. 12/17/04); 916 So. 2d 72, 75) (emphasis added).

[11] *Id.* (citing La. R.S. §§ 23:1031–1032).

18.    "To fall within the workers' compensation recovery scheme there must be an employment relationship, the injury must arise out of or in the course of employment, and the plaintiff-employee must have suffered a compensable injury, as defined by the statute."[12]

19.    Here, the Plaintiffs alleged all of the elements to fall within the ambit of the LWCA. They allege (1) the Decedent was employed by FreedomTruck on February 22, 2021; (2) the Decedent was working in the course and scope of his job cleaning a tanker trailer for FreedomTruck at the time of the alleged incident; and (3) the Decedent suffered a compensable injury through his death as a result of the alleged incident and failures by his employer.[13]

20.    Nevertheless, as mentioned in the foregoing Paragraphs, there is a limited exception to LWCA coverage—an intentional-acts exception.

21.    The Louisiana Supreme Court narrowly construes the intentional act exception.[14] "The meaning of 'intent' within the context of this exception is that the defendant 'either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.'"[15]

22.    The intentional-act exception under the LWCA "requires more than a reasonable probability, even more than a high probability, that an accident or injury will occur."[16]

---

[12] *Wilford v. Nationwide Mut. Ins. Co.*, C.A. No. 21-1123, 2021 U.S. Dist. LEXIS 198843, at *8 (E.D. La. Oct. 14, 2021).

[13] *See* **Exhibit 1**, Petition for Damages, p. 3–5, ¶¶ 8–9.

[14] *See Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99); 731 So. 2d 208, 211.

[15] *Brown*, 2019 U.S. Dist. LEXIS 211877, at *9 (quoting *Bazley v. Tortorich*, 397 So. 2d 475, 479 (La. 1981)).

[16] *Id.* at *10 (emphasis added).

23. Furthermore, "knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing."[17]

24. As this court has emphasized, "neither the failure to provide safety equipment, nor the failure to adhere to OSHA safety regulations constitute 'intentional acts' sufficient to strip an employer/co-employee's immunity accorded by the LWCA."[18]

25. In the Petition for Damages, the Plaintiffs' allegations against FreedomTrucks are that it:

- failed to train the decedent,
- failed to properly instruct the decedent regarding proper protocols and procedures for washing tankers,
- failed to properly supervise the decedent,
- failed to provide personal protective equipment to the decedent,
- failed to provide testing and/or monitoring equipment or supplies to detect any potentially hazardous environments to the decedent,
- failed to provide a safe working environment/safe premises for the decedent, and
- failed to provide rescue emergency equipment and/or facilities to employees.[19]

26. The Plaintiffs use the same boilerplate language for each of these, saying that FreedomTrucks committed these alleged actions "knowing" the Decedent would be exposed to "hazardous and/or toxic chemicals" and "knowing that death from exposure is substantially certain to follow."[20]

---

[17] *Id.* (quoting *Bridges v. Carl E. Woodward, Inc.*, 94-2675 (La. App. 4 Cir. 10/12/95); 663 So. 2d 458, 463).

[18] *Id.* (citing *Bridges*, 663 So. 2d at 463).

[19] **Exhibit 1**, Petition for Damages, pp. 4–5, ¶ 9(A).

[20] *Id.*

6

27. This Court is not required to accept these conclusory allegations regarding purported knowledge by FreedomTrucks; actual factual allegations are required, which are not present here.[21]

28. This is nothing more than the Plaintiff's attempt to use boilerplate language to escape the LWCA bar to civil suits against employers, and this is only because FreedomTrucks is a non-diverse defendant, and thus, its joinder would keep the case in state court.

29. Upon information and belief, Plaintiffs may point to an OSHA report for this incident in support of position that FreedomTrucks can be sued outside of the LWCA context. However, as outlined above, "neither the failure to provide safety equipment, nor the failure to adhere to OSHA safety regulations constitute 'intentional acts' sufficient to strip an employer/co-employee's immunity accorded by the LWCA."[22]

30. This Court should not permit this obvious effort to forum shop through the improper joinder of a non-diverse defendant. The only claims against FreedomTrucks sound in negligence and, all such claims are barred under the LWCA.

C. **Defendant J.W. Nelson Transports, Inc., has also been improperly joined to the pending lawsuit for the sole purpose of defeating diversity jurisdiction and removal.**

31. Similar to FreedomTrucks, the allegations against J.W. Nelson Transports, Inc. ("J.W. Nelson") reveal that it has also been improperly joined solely to prevent removal. But, the allegations against J.W. Nelson are even more glaringly deficient.

---

[21] *See Giles v. Wal-Mart La. LLC*, C.A. No. 16-2413, 2016 U.S. Dist. LEXIS 63514, at *17 (E.D. La. May 13, 2016) ("Plaintiff's bald assertion that all Defendants had actual or constructive knowledge of the allegedly defective condition is a conclusory allegation that the Court is not required to accept.").

[22] *Brown*, 2019 U.S. Dist. LEXIS 211877, at *10 (citing *Bridges*, 663 So. 2d at 463).

32.     Firstly, there is no allegation that the Decedent was employed by J.W. Nelson at the time of the incident. And upon information and belief, Decedent was not and has never been employed by J.W. Nelson.

33.     Furthermore, there is no allegation that J.W. Nelson owned or operated the truck that the Decedent was cleaning at the time of the alleged incident on February 22, 2021.

34.     In terms of factual allegations in their Petition, the Plaintiffs sole reference to J.W. Nelson is: "Based upon information and belief, the transportation to and from Houston was handled by Trimac, who maintains a lease agreement with Freedom and/or JW Nelson."[23]

35.     Yet, Plaintiffs go on to make the exact same legal claims against J.W. Nelson as they did against FreedomTrucks. Plaintiffs allege that J.W. Nelson:

- failed to train the decedent,
- failed to properly instruct the decedent regarding proper protocols and procedures for washing tankers,
- failed to properly supervise the decedent,
- failed to provide personal protective equipment to the decedent,
- failed to provide testing and/or monitoring equipment or supplies to detect any potentially hazardous environments to the decedent,
- failed to provide a safe working environment/safe premises for the decedent, and
- failed to provide rescue emergency equipment and/or facilities to employees.[24]

36.     All of these legal claims relate to circumstances where J.W. Nelson employed or otherwise was charged with supervising and/or training the Decedent; however, there is no such

---

[23] **Exhibit 1**, Petition for Damages, pp. 3, ¶ 8(A).

[24] *Id.* at pp. 5–6, ¶ 9(B).

8

factual allegation that an employer-employee relationship existed. And based upon information and belief, J.W. Nelson did not employ the Decedent.

37. There are no facts, whether alleged or actually existing, to support a finding that J.W. Nelson owed any of these duties to the Plaintiff. There is no case law to support a finding that simply possessing an undefined lease with Trimac, as Plaintiffs allege, does not confer duties to J.W. Nelson to monitor, train, or provide equipment to a third party not employed by it (i.e., the Decedent).

38. There is no allegation that the lease with J.W. Nelson provided any special duties or obligations to J.W. Nelson (or FreedomTrucks, for that matter). And there is no factual allegation, or even a legal conclusion, that J.W. Nelson breached any terms of this lease.

39. Other than the lease, the only claims against J.W. Nelson are that it failed to train, supervise, and provide equipment to a non-employee, the Decedent. Without an employee-employer relationship, or something akin to this, there is no basis for a finding that J.W. Nelson owed any of these duties to the Decedent.

40. Once again, Plaintiffs use the same boilerplate language for each of these, saying that these were done by J.W. Nelson "knowing" the Decedent would be exposed to "hazardous and/or toxic chemicals" and "knowing that death from exposure is substantially certain to follow."[25]

41. Similar to FreedomTrucks, this Court is not required to accept these conclusory allegations regarding purported knowledge by J.W. Nelson; actual factual allegations are required, which are not present here.[26]

---

[25] *Id.*

[26] *See Giles*, 2016 U.S. Dist. LEXIS 63514, at *17.

42. It is eminently clear that Plaintiffs only joined J.W. Nelson—just like FreedomTrucks—with the intent of forum shopping this case and keeping it in Louisiana state court.

43. Accordingly, the Plaintiffs cannot state a claim against FreedomTrucks and J.W. Nelson, because there is no possibility of recovery in this case from these entities. And therefore, these entities have been improperly joined to this lawsuit.

44. Therefore, after disregarding the improperly-joined parties, there is complete diversity between the Plaintiffs and the properly-joined defendants—Vopak and Trimac.[27]

### III. Amount in Controversy

45. In addition to the properly-joined parties being completely diverse, the amount in controversy requirement is also satisfied, because a preponderance of the evidence shows that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[28]

46. This is a personal injury matter in which Plaintiffs are suing as representatives of their son, who died as a result of the alleged incident.

47. Courts routinely find the amount-in-controversy requirement satisfied in cases involving the death of an individual.[29]

48. In a recent case, the Western District of Louisiana stated: "Plaintiff is seeking recovery for wrongful death and survival damages, and therefore, it is manifest that the amount in controversy exceeded $75,000 at the time of removal."[30]

---

[27] Vopak does not admit that it, or Trimac, is or should be liable for any of the allegations in the Plaintiff's Petition for Damages. Vopak denies each and every allegation contained therein.

[28] 28 U.S.C. § 1332(a).

[29] *See Deggs v. Fives Bronx, Inc.*, C.A. No. 19-406, 2020 U.S. Dist. LEXIS 51798 (M.D. La. Mar. 3, 2020).

[30] *Brown*, 2019 U.S. Dist. LEXIS 211877, at *10.

49. Accordingly, it is apparent by a preponderance of the evidence that the amount in controversy in this matter exceeds the amount of $75,000, exclusive of interests and costs.

50. With the requirements for diversity jurisdiction set forth by 28 U.S.C. § 1332 having been met, this Honorable Court has jurisdiction over this matter.

## IV. Consent to Removal

51. Under 28 U.S.C. 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

52. Here, FreedomTrucks and J.W. Nelson were improperly joined, and thus, their consent is not required.[31]

53. The remaining co-Defendant, Trimac Transportation, Inc., has provided consent for this removal.[32]

**WHEREFORE**, Vopak North America Inc., having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq.*, including all the jurisdictional requirements of 28 U.S.C. § 1332, prays that this Notice of Removal be deemed good and sufficient and that this matter be removed from the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, to this Honorable Court.

[*Signatures on following page.*]

---

[31] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.")

[32] **Exhibit 2**, Consent to Removal from Trimac Transportation, Inc.

Dated: March 23, 2022  Respectfully submitted,

/s/ Justin J. Marocco
JEFFERSON R. TILLERY (#17831), T.A.
Jones Walker LLP
201 St. Charles Avenue, Suite 4800
New Orleans, LA  70170
Telephone:     (504) 582-8000
Fax:                 (504) 582-8164
Email: jtillery@joneswalker.com

JUSTIN J. MAROCCO (#35226)
Jones Walker LLP
445 North Blvd., Suite 800
Baton Rouge, LA 70802
Telephone:     (225) 248-2415
Fax:                 (225) 248-3115
Email: jmarocco@joneswalker.com

***Attorneys for Defendant, Vopak North America Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served by email on all counsel of record this 23rd day of March, 2022.

/s/ Justin J. Marocco