| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2022-00130 | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC. AND VOPAK NORTH AMERICA, L.L.C., | STATE OF LOUISIANA |

FILED: JAN 0 3 2022

_____
DEPUTY CLERK

**SCANNED**
FEB 1, 2022

Date JAN 0 3 2022
Check # 19262
From Delph in Law
Amt 530.00
Recd by Km

**PROCESSED**
Date: FEB 1 7 2022

**EXHIBIT 1**

## PETITION FOR DAMAGES

**NOW INTO COURT**, through the undersigned counsel, come DANIEL AND TAMMY DEMARY, persons of the full age of majority, domiciled in the Parish of Calcasieu, State of Louisiana, who, with respect, represent that:

1.

Daniel and Tammy Demary file this Petition individually and as the surviving parents of their only son, Justin Demary.

2.

The below allegations are made upon information and belief (unless the context indicates otherwise); these allegations are set out in the following non-exclusive particulars and if inconsistent, plead in the alternative; and plaintiff, Daniel and Tammy Demary plead the doctrine of res ipsa loquitur, negligence, last clear chance, and all other theories of recovery as appropriate under the circumstances.

3.

Made defendant herein is FREEDOM TRUCKS OF AMERICA, LLC a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of Louisiana; which may be served through its agent for service of process Bradley Nelson, 6273 Hwy 90 East, Lake Charles, Louisiana 70615.

4.

Made defendant herein is JW NELSON TRANSPORTS INC. a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process Bradley Nelson, 6273

Hwy 90 East, Lake Charles, Louisiana 70615.

5.

Made defendant herein is TRIMAC TRANSPORTATION, INC., a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of Texas, which may be served through its agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

6.

Made defendant herein is VOPAK NORTH AMERICA INC, a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of Texas, which may be served through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

7.

This is a civil action to recover wrongful death damages and personal injuries suffered by petitioners, Daniel and Tammy Demary, as well as a survival civil action to recover damages, personal injuries and death suffered by Justin Demary. This civil action is being asserted against the above-named defendants, Freedom Trucks of America, LLC, (sometimes hereinafter referred to as "Freedom"), and JW Nelson Transports, Inc., (sometimes hereinafter referred to as "JW Nelson"), and Trimac Transportation Inc., (sometimes hereinafter referred to as "Trimac") and Vopak North America, Inc., (sometimes hereinafter referred to as "Vopak") (sometimes hereinafter referred to collectively as "defendants"). Defendants are liable unto petitioner, jointly, severally and *in solido* for damages including: 1) those associated with, resulting from and/or arising out of, the injuries and death of Justin Demary; 2) all damages allowed by La. C.C. Art. 2315.1; 3) all damages allowed by La. C.C. Art. 2315.2; 3) the physical and mental pain, suffering, anguish, fear, fright and torture incurred by Justin Demary in connection with his death and the injuries causing and/or leading to his death; 4) the past, present and future mental and physical pain, suffering, anguish, torture, disability and loss of consortium, loss of enjoyment of life, and loss of love and affection of Daniel and Tammy Demary associated with and arising out of the death of their only son, Justin Demary; 5) other general and special damages including, but not limited to, loss of support, services, inheritance and income; 6) medical and medically related

expenses for the treatment of Justin Demary; 7) medical and medically related expenses for treatment of Daniel and Tammy Demary; 8) prescription drug bills; 9) funeral expenses of Justin Demary; 10) interest from the date of judicial demand until paid; 11) all costs of these proceedings, including expert witness fees; 12) for all sums which are just and reasonable under these premises; 13) and for all general and equitable relief for this, to-wit.

8.

A. On February 22, 2021, Justin Demary was employed by Freedom at the yard located at 6273 Hwy 90 East in Lake Charles. Justin had been hired 2-3 months previously to help clean up the yard and perform odd jobs. On or previous to February 22, a tractor trailer had returned from a Vopak terminal located in Houston, Texas after making a delivery. Based upon information and belief, the tanker trailer had delivered a load and then been purged with a chemical, while in Houston. At the time of arrival back at Freedom, no tag or warnings were affixed to the truck nor delivered to the driver. Therefore, no information regarding the purging chemical was available from Vopak to provide to those responsible to wash out the tanker. Based upon information and belief, the transportation to and from Houston was handled by Trimac, who maintains a lease agreement with Freedom and/or JW Nelson.

B. At or near the time of return, the tanker trailer was located at the wash rack and Justin Demary and his co-worker were advised to wash it out. Prior to this day, Justin Demary had never been assigned to wash out tankers at Freedom, nor received any training regarding proper procedures for forced air ventilation, procedures to follow prior to entering enclosed spaces, use of personal protective equipment or testing and monitoring equipment. Further, based upon information and belief, no personal protective equipment or testing and monitoring equipment were provided to Justin. No information was provided to Justin or the co-worker of the chemical transported to Houston, the purging chemical used while in Houston under the direction of Vopak, nor the status of the tanker at the time they were instructed to perform their duties on February 22, 2021.

C. After dropping down into the tanker, Justin was unable to breathe and lost consciousness. His co-worker attempted to retrieve him but himself could not breathe inside the tanker and was able to escape with the help of another co-worker. Upon exiting the tanker, the co-workers called 911.

D. Neither Justin nor his co-worker were provided a sniffer to investigate the status of

the tanker for toxic chemicals or gases. Neither Justin nor his co-worker were provided personal protective equipment, masks or breathing apparatus to protect against inhalation injuries from any unknown chemicals or gases.

E. Due to the fact that no emergency personnel could rule out whether the chemicals inside the tanker may be toxic or hazardous, Justin was left in the tanker unable to breathe for over an hour.

I. As a result, Justin Demary was pronounced dead at the scene after removal from the tanker.

9.

The sole and proximate cause of the death of Justin Demary made the basis of this suit was the individual and/or joint and/or concurrent negligence and/or fault and/or want of care of defendants Freedom Trucks of America, LLC, JW Nelson Transports, Inc., Trimac Transportation Inc., and Vopak North America, Inc., and which negligence and/or fault and/or want of care consisted of one or more of the following acts and/or omissions which are illustrative and not exclusive, and which, if inconsistent, are pled in the alternative:

A. With regard to Freedom:

1. They failed to train Justin Demary knowing that the transportation tankers transport hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

2. They failed to properly instruct Justin Demary regarding proper protocols and procedures for washing tankers knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

3. They failed to properly supervise Justin Demary knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

4. They failed to provide personal protective equipment knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

5. They failed to provide testing and/or monitoring equipment or supplies to detect any potentially hazardous environments knowing

       that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

6. They failed to provide a safe working environment/safe premises for Justin knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

7. They failed to provide rescue/emergency equipment and/or facilities to employees knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

8. Any and all other acts and/or omissions constituting intentional negligence and/or fault and/or intentional want of care which are proven at the time of trial.

B. With regard to JW Nelson:

1. They failed to train Justin Demary knowing that the transportation tankers transport hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

2. They failed to properly instruct Justin Demary regarding proper protocols and procedures for washing tankers knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

3. They failed to properly supervise Justin Demary knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

4. They failed to provide personal protective equipment knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

5. They failed to provide testing and/or monitoring equipment or supplies to detect any potentially hazardous environments knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

      6. They failed to provide a safe working environment/safe premises for Justin knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

      7. They failed to provide rescue/emergency equipment and/or facilities to employees knowing that he would be exposed to hazardous and/or toxic chemicals, and knowing that death from exposure is substantially certain to follow;

      8. Any and all other acts and/or omissions constituting intentional negligence and/or fault and/or intentional want of care which are proven at the time of trial.

C. With regard to Trimac.:

      1. They failed to warn Justin Demary of potentially hazardous materials or conditions which existed in the tanker;

      2. They failed to properly supervise Justin Demary regarding potentially hazardous materials or conditions which existed in the tanker;

      3. They failed to provide personal protective equipment;

      5. They failed to provide testing and/or monitoring equipment and supplies to detect any potentially hazardous environments;

      6. They failed to provide a safe working environment/safe premises for Justin;

      7. Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care which are proven at the time of trial.

C. With regard to Vopak:

      1. They failed to properly instruct/warn the transport driver regarding potentially toxic or hazardous materials/chemicals which were known to them;

      2. They failed to tag the tanker to advise of potential dangers including chemicals/materials used in the extraction and/or purging process of the tanker;

    3.  They failed to properly warn the receiver of the tanker as to potential hazards to which they had superior knowledge;

    4.  Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care which are proven at the time of trial.

All of which said acts and omissions constituting negligence and/or fault and/or want of care are in direct violation of the ordinances, laws and statutes of the City of Lake Charles, the Parish of Calcasieu and the State of Louisiana, which said laws, ordinances and statutes are plead herein as if copied *in extenso*.

10.

As a result of the incident identified in paragraph 8. above, Justin Demary suffered: 1) the terror, fear and fight of his impending death; 2) extensive and severe personal injuries resulting in death; 3) excruciating physical pain, suffering, anguish and torture; 4) excruciating mental pain suffering, anguish and torture; and, 5) all other injuries and damages implicit in and allowed by a survival action; the whole of which damages Daniel and Tammy Demary seek an accounting, a valuation and a recovery all in accordance with La. C. C. Art. 2315.1.

11.

As a result of the incident identified in paragraph 8. above, petitioners, Daniel and Tammy Demary, the loving parents of Justin Demary, has suffered past, present and future: 1) mental and physical pain, suffering, anguish, and torture, 2) loss of love and affection; 3) loss of consortium, society and relationship; 4) loss of guidance, services, support and inheritance; 5) loss of enjoyment of life; 6) expenses for medical services and psychological treatment and other medical and medically related expenses; 7) prescription drug bills; 8) medical and medically related expenses incurred for the treatment of Justin Demary; 9) funeral expenses of Justin Demary, and, 10) other injuries and damages implicit in and allowed by a wrongful death action; the whole of which damages Daniel and Tammy Demary Turner seek an accounting, a valuation and a recovery all in accordance with La. C. C. Art. 2315.2.

12.

Upon information and belief, it will be necessary to present expert testimony during the preparation for and during the trial on the merits of this case and as such, petitioner desires that all such expert witness fees and deposition costs be taxed as court costs and assessed against the defendants.

13.

The amount in dispute in petitioners' claim entitles petitioners and/or defendants the right to a jury trial.

**WHEREFORE**, petitioners, Daniel Demary and Tammy Demary, pray that:

1. The above and foregoing Petition be deemed good and sufficient;

2. A copy of the Petition together with Citations be served upon the named Defendants; Freedom Trucks of America, LLC, JW Nelson Transports, Inc., Trimac Transportation Inc., and Vopak North America, Inc. and defendants be duly cited to appear herein and answer same; and that after due proceedings had;

3. There be judgment herein in favor of Daniel and Tammy Demary and against defendants, Freedom Trucks of America, LLC, JW Nelson Transports, Inc., Trimac Transportation Inc., and Vopak North America, Inc, jointly, severally and in solido for all damages suffered by Justin Demary allowed by La. C. C. Art. 2315.1 including, but not limited to those compensating for: 1) the terror, fear and fight of his impending death; 2) his extensive and severe personal injuries resulting in death; 3) his excruciating physical pain, suffering, anguish and torture; 4) his excruciating mental pain suffering, anguish and torture; and, 5) all other injuries and damages implicit in and allowed by a survival action;

4. There be judgment herein in favor of Daniel and Tammy Demary and against defendants, Freedom Trucks of America, LLC, JW Nelson Transports, Inc., Trimac Transportation Inc., and Vopak North America, Inc, jointly, severally and in solido for all damages suffered by Daniel and Tammy Demary allowed by La. C. C. Art. 2315.2 including, but not limited to her past, present and future: 1) mental and physical pain, suffering, anguish, and torture, 2) loss of love and affection; 3) loss of society and relationship; 4) loss of guidance and support; 5) loss of enjoyment of life; 6) expenses for medical services and psychological treatment and other medical and medically related expenses; 7) prescription drug bills; and, 8) other injuries and damages implicit in and allowed by a wrongful death action; and,

5. There be judgment herein in favor of Daniel and Tammy Demary and against defendants, Freedom Trucks of America, LLC, JW Nelson Transports, Inc., Trimac Transportation Inc., and Vopak North America, Inc, jointly, severally and in solido for interest from the date of judicial demand until paid, all costs of these proceedings including

expert witness fees, for all sums which are just and reasonable under these premises and all general and equitable relief.

Respectfully submitted by:

DELPHIN LAW OFFICES

A Professional Law Corporation
626 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439 - 3939
Facsimile: (337) 439-4504

By: *(signature)*

MARK A. DELPHIN, Bar #4850
markdelphin@delphinlaw.com
EZRA PETTIS, JR. Bar #36332
ezra@delphinlaw.com
Attorneys for Petitioner,
DANIEL DEMARY and TAMMY DEMARY

**PLEASE SERVE:**

FREEDOM TRUCKS OF AMERICA, LLC
c/o Bradley Nelson
6273 Hwy 90 East
Lake Charles, Louisiana 70615

JW NELSON TRANSPORTS INC
c/o Bradley Nelson
6273 Hwy 90 East
Lake Charles, Louisiana 70615

TRIMAC TRANSPORTATION, INC
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701

VOPAK NORTH AMERICA INC
Capitol Corporate Services, Inc.
206 E. 9th Street, Suite 1300
Austin, TX 78701

JDL
TM  2/17

| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2022-0013 "D" | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC.AND VOPAK NORTH AMERICA, L.L.C., | STATE OF LOUISIANA |

P1

FILED: _____FEB 15 2022_____     _____
                                  DEPUTY CLERK

1 conf

## MOTION TO ENROLL PRO HAC VICE COUNSEL FOR PLAINTIFF

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Daniel and Tammy Demary Individually and as Surviving Parents of Justin Demary, who respectfully requests that Heidi O. Vicknair of The Webster Law Firm be allowed to enroll as counsel of record for Plaintiffs in the above-captioned matter.

Heidi O. Vicknair of The Webster Law Firm has submitted her application for Pro Hac Vice with the Louisiana Attorney Disciplinary Board and said application has been approved and is attached here as Exhibit 1. Mark Delphin and Ezra Pettis, Jr. of Delphin Law Offices will be the sponsoring attorneys for Heidi O. Vicknair of The Webster Law Firm and request that this Motion to Enroll as Pro Hac Vice counsel be granted and for all other equitable relief.

Respectfully submitted,

**SCANNED**

MAR 0, 2022

DELPHIN LAW OFFICES
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939-Telephone
(337) 439-4504-Facsimile

BY: _____
EZRA PETTIS, JR., #36332
MARK A. DELPHIN, #4850
Attorneys for Plaintiffs

| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY : : : : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2022-0013 "D" | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC.AND VOPAK NORTH AMERICA, L.L.C., : : | STATE OF LOUISIANA |

FILED: _____ FEB 1 5 2022 _____

_____
DEPUTY CLERK

## ORDER

Consider the above and foregoing;

IT IS HEREBY ORDERED that Heidi O. Vicknair of The Webster Law Firm be allowed to enroll as counsel of record for Plaintiffs in the above-captioned matter.

Signed this __17th__ day of __February__, 2022, in Lake Charles, Louisiana.

_____
HONORABLE ROBERT L. WYATT
DISTRICT COURT JUDGE, DIVISION "D"
PARISH OF CALCASIEU

CMS 78 70 479
Filing Date: 02/15/2022 12:00 AM    Page Count: 1
Case Number: 2022-00013
Document Name: ORDER

JDC/CC

# Delphin Law Offices
*A Professional Law Corporation*

Mark A. Delphin*  
*Also admitted in Texas

626 Broad Street  
Lake Charles, LA 70601

Office: (337) 439-3939  
Fax: (337) 439-4504  
E-Mail: markdelphin@delphinlaw.com

March 2, 2022

Honorable H. Lynn Jones  
Clerk of Court  
P.O. Box 1030  
Lake Charles, LA 70602

RE: Daniel Demary, et al v Freedom Trucks of America, et al  
Docket No: 2022-00130; 14th JDC

Dear Clerk:

Enclosed herein are two originals of Affidavits of Service that I request be filed in the record. Please time-stamp the copies and return in the envelope provided. Also enclosed is my firm's check in the amount of $70.00 for the filing.

With best regards, I am

Yours truly,

Mark A. Delphin

MAD/be

Enclosures

Dictated; not read

CALCASIEU CLERK-COC  
MAR 7 2022 AM10:52

| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2022 - 00136 D : | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC. AND VOPAK NORTH AMERICA, L.L.C., : | STATE OF LOUISIANA |
| FILED:_____ | _____ DEPUTY CLERK |

STATE OF LOUISIANA :

PARISH OF CALCASIEU :

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, personally came and appeared BERNICE CHRISTOPHE, 626 Broad Street, Lake Charles, Louisiana, 70601, who after being duly sworn, said that on the 16th day of February, 2017, she served a certified copy of a Petition for Damages under the Louisiana Long Arm Statute, LSA-R.S. 13:3204, by mailing it to Trimac Transportation, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 by certified mail, return receipt requested, properly addressed and postage prepaid; that appearer received the return receipt on March 2, 2022 which had been stamped for on February 23, 2022 by Viva Tejas Logistics (AAO).

_____
BERNICE CHRISTOPHE
Secretary to MARK A. DELPHIN
Attorney for plaintiffs

SWORN TO AND SUBSCRIBED before me, Notary Public, at Lake Charles, Calcasieu Parish, Louisiana, on this ___ day of March, 2022.

_____
MARK A. DELPHIN - NOTARY PUBLIC
My Commission Expires at Death

Filing Date: 03/07/2022 10:00 AM     Page Count: 1
Case Number: 2022-000013
Document Name: AFFIDAVIT OF LONG ARM SERVICE

| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. _____ | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC.AND VOPAK NORTH AMERICA, L.L.C., | STATE OF LOUISIANA |

FILED:_____          _____
                                         DEPUTY CLERK

### EXHIBIT "A"

# Delphin Law Offices

February 17, 2022

TRIMAC TRANSPORTATION
CORPORATION SERVICE COMPANY
D/B/A LAWYERS INCORPORATING SER CO
211 E. 7th Street, Suite 620
Austin, TX 78701

> RE: Daniel Demary, et al v Freedom Trucks of America, LLC, et al
> Docket NO: 2022-00130; 14th JDC

Dear Agent for Service of Legal Process:

I am pleased to enclose a certified copy of a Petition for Damages filed in the above captioned matter.

You are being served pursuant to LSA-R.S. 13:3201 et seq., the Long Arm Statute, and have thirty (30) days from your receipt hereof to answer said petition.

With best regards, I am

Yours truly,

CALCASIEU CLERK-C
MAR 7 2022 AM10:5

Mark A. Delphin

MAD/bc

Enclosure

Filing Date: 03/07/2022 12:00 AM     Page Count: 2
Case Number: 2022-000013
Document Name: EXHIBITS

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**7002 0860 0005 0522 4117**

| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. ________________ : | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC.AND VOPAK NORTH AMERICA, L.L.C., : | STATE OF LOUISIANA |
| FILED:__________________________ | ______________________________ DEPUTY CLERK |

EXHIBIT "B"

7002 0860 0005 0522 4117

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ .93 |
| Certified Fee | 3.75 |
| Return Receipt Fee (Endorsement Required) | 2.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.43 |

Postmark Here

Sent To Trimac Transportation Corp
Street, Apt. No.; or PO Box No. 211 E. 7th Street Ste 620
City, State, ZIP+4 Austin, Tx 78701

PS Form 3800, April 2002 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Trimac Trans.Corp Sm
211 E. 7th Street Ste 620
Austin, Tx 78701

9590 9402 5664 9308 9887 18

2. Article Number (Transfer from service label)
7002 0860 0005 0522 4117

A. Signature Viva Tejas Logistics (AAO) ☐ Agent ☐ Addressee
X
B. Received by (Printed Name) FEB 23 2022 C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
Carlos Mendoz

MAR 08 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

CALCASIEU CLERK-CDS
MAR 7 2022 AM10:53:15

| | | |
|---|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY | : : : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2022-0013 "D" | : : | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC. AND VOPAK NORTH AMERICA, L.L.C., | : : | STATE OF LOUISIANA |

FILED: **MAR 0 8 2022**

DEPUTY CLERK

## MOTION TO ENROLL PRO HAC VICE COUNSEL FOR PLAINTIFF

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Daniel and Tammy Demary Individually and as Surviving Parents of Justin Demary, who respectfully requests that Jason Charles Webster of The Webster Law Firm be allowed to enroll as counsel of record for Plaintiffs in the above-captioned matter.

Jason Charles Webster of The Webster Law Firm has submitted his application for Pro Hac Vice with the Louisiana Attorney Disciplinary Board and said application has been approved and is attached here as Exhibit 1. Mark Delphin and Ezra Pettis, Jr. of Delphin Law Offices will be the sponsoring attorneys for Jason Charles Webster of The Webster Law Firm and request that this Motion to Enroll as Pro Hac Vice counsel be granted and for all other equitable relief.

Respectfully submitted,

DELPHIN LAW OFFICES
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939-Telephone
(337) 439-4504-Facsimile

BY: _____
EZRA PETTIS, JR., #36332
MARK A. DELPHIN, #4850
Attorneys for Plaintiffs

Filing Date: 03/09/2022 12:00 AM
Case Number: 2022-000013
Document Name: MOTION TO ENROLL
Page Count: 1

SCANNED
MAR 17 2022

CALCASIEU CLERK-COST
MAR 09 2022

| | |
|---|---|
| DANIEL AND TAMMY DEMARY INDIVIDUALLY AND AS SURVIVING PARENTS OF JUSTIN DEMARY | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2022-0013 "D" | PARISH OF CALCASIEU |
| FREEDOM TRUCKS OF AMERICA, L.L.C., AND JW NELSON TRANSPORTS, INC., AND TRIMAC TRANSPORTATION, INC. AND VOPAK NORTH AMERICA, L.L.C., | STATE OF LOUISIANA |

FILED: **MAR 0 8 2022**

DEPUTY CLERK

## ORDER

Consider the above and foregoing;

IT IS HEREBY ORDERED that Jason Charles Webster of The Webster Law Firm be allowed to enroll as counsel of record for Plaintiffs in the above-captioned matter.

Signed this __14__ day of __March__, 2022, in Lake Charles, Louisiana.

HONORABLE ROBERT L. WYATT
DISTRICT COURT JUDGE, DIVISION "D"
PARISH OF CALCASIEU

CMS789 4953
Filing Date: 03/09/2022 12:00 AM   Page Count: 1
Case Number: 2022-000013
Document Name: ORDER

CALCASIEU CLERK-COST
MAR 09 2022 A-09:50:47

**CERTIFIED MAIL**

**Delphin Law Offices**
*a Professional Law Corporation*

626 Broad Street • Lake Charles, LA 70601

7002 0860 0005 0522 3882

PITNEY BOWES
$7.73 0
US POSTAGE ᴵᴹᴵ
FIRST-CLASS
026W0004897488
2000225658
ZIP 70601
FEB 17 2022

VOPAK NORTH AMERICA, INC
CAPITAL CORPORATE SERVICES, INC
206 E. 9TH Street, Suite 1300
Austin, TX 78701

Return Receipt Requested

# Delphin Law Offices
*A Professional Law Corporation*

Mark A. Delphin*  
*Also admitted in Texas  
markdelphin@delphinlaw.com

626 Broad Street  
Lake Charles, LA 70601

Office: (337) 439-3939  
Fax:    (337) 439-4504  
E-Mail:

February 17, 2022

VOPAK NORTH AMERICA, INC  
CAPITAL CORPORATE SERVICES, INC  
206 E. 9TH Street, Suite 1300  
Austin, TX 78701

    RE:    Daniel Demary, et al v Freedom Trucks of America, LLC, et al  
            Docket NO: 2022-00130; 14th JDC

Dear Agent for Service of Legal Process:

    I am pleased to enclose a certified copy of a Petition for Damages filed in the above captioned matter.

    You are being served pursuant to LSA-R.S. 13:3201 et seq., the Long Arm Statute, and have thirty (30) days from your receipt hereof to answer said petition.

    With best regards, I am

                                                            Yours truly,

                                                            Mark A. Delphin

MAD/bc

Enclosure

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**  
7002 0860 0005 0522 3882

| | Citation/Long Arm | |
|---|---|---|
| DANIEL DEMARY<br>VS.  2022-000013<br>FREEDOM TRUCKS OF AMERICA |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO: VOPAK NORTH AMERICA INC         PURSUANT TO LOUISIANA
　　 CAPITAL CORPORATE SERVICES INC  LONG-ARM STATUTE
　　 206 E 9TH STREET SUITE 1300
　　 AUSTIN, TX  78701

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand in the petition of DANIEL DEMARY against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within thirty (30) days after the service hereof, under penalty of default.

("PETITION FOR DAMAGES")

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 3RD day of JANUARY, 2022.

Issued and delivered February 17, 2022

*Katie Dukes*

Katie Dukes

Deputy Clerk of Court

---

### SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

| SERVICE | $_____ | BY: _____ |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL $_____ | | |
| Party No.  P001 | | |


A TRUE COPY
Lake Charles, Louisiana
*Katie Dukes*
Deputy Clerk of Court
Calcasieu Parish, Louisiana    FEB 17 2022

```
C M S 7 8 7 1 2 1 8
```
Filing Date: 02/17/2022 11:15 AM     Page Count: 1
Case Number: 2022-000013
Document Name: 1602 Citation/Long Arm

[ Service Copy ]
CMS0049                                                    Page 1 of 1

