UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANIEL DEMARY, ET AL.** | **:** | **CIVIL ACTION NO. 2:22-cv-0792** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **FREEDOM TRUCKS OF AMERICA, L.L.C., ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by Daniel and Tammy Demary, individually and as surviving parents of Justin Demary ("plaintiffs"). Doc. 15. The motion is opposed by defendants Vopak Terminal Deer Park Inc., FreedomTrucks of America, LLC, and J.W. Nelson Transports, Inc. Docs. 17, 18, 27, respectively. Defendant Trimac Transportation, Inc. has not filed an opposition to the motion. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED.**

**I.**
**BACKGROUND**

This case arises from the death of Justin Demary, plaintiffs' son, after he entered a tanker trailer to wash it out. Doc. 1, att. 2, ¶¶ 8.B–I. Justin Demary was allegedly instructed to clean out the tanker trailer as part of his job at FreedomTrucks. *Id.* at ¶ 8.B. Plaintiffs allege emergency personnel could not determine whether the chemicals inside the tanker might be toxic or hazardous, so no one entered the tanker to aid Justin for over an hour. *Id.* at ¶ 8.E. He was later pronounced dead at the scene after being removed from the tanker. *Id.* at ¶ 8.I.

### A. Factual Backdrop of this Case

Plaintiffs allege that at the time of his death, Justin Demary had been employed by FreedomTrucks for about two or three months. *Id.* at ¶ 8.A. On February 22, 2021, Justin Demary and a co-worker were tasked with washing out a tanker trailer, allegedly for the first time since Justin began working at FreedomTrucks. *Id.* at ¶ 8.B. Justin was never trained in the safety procedures for cleaning out such a tanker trailer. *Id.* He was not given personal protective equipment or testing and monitoring equipment, and he did not receive any information about any chemicals recently in the tanker trailer or the toxicity status of the tanker trailer. *Id.*

The tanker trailer Justin was instructed to wash out had recently returned from defendant Vopak's terminal in Houston, Texas. *Id.* at ¶ 8.A. After the load was delivered to Vopak's terminal, the tanker trailer was purged with a chemical while still in Houston. *Id.* When the tanker trailer returned to FreedomTrucks' yard, there was allegedly no information—including tags or warnings affixed to the truck or given to the driver—provided by Vopak about what chemical was used to purge the tanker trailer. *Id.* Defendant Trimac Transportation, Inc. allegedly handled the transportation of the tanker trailer to and from Houston. *Id.* Plaintiffs allege that Trimac maintains a lease agreement with FreedomTrucks (Justin Demary's employer) and/or J.W. Nelson Transports, Inc. *Id.*

### B. Procedural Posture

Plaintiffs filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 2. In the petition, plaintiffs allege that the sole and proximate cause of Justin Demary's death was the individual, joint, and/or concurrent negligence, fault, and/or want of care of defendants FreedomTrucks, J.W. Nelson, Trimac, and Vopak. *Id.* at ¶ 9. Accordingly, plaintiffs claim damages for wrongful death and survival under Louisiana Civil Code articles 2315.2 and 2315.1,

respectively. *Id.* at ¶¶ 10–11.  Plaintiffs claim defendants are liable to plaintiffs jointly, severally, and in solido. *Id.* at p. 8.

Defendant Vopak, with defendant Trimac's consent [doc. 1, att. 3], timely removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.  Vopak claims it did not need consent from non-diverse defendants FreedomTrucks or J.W. Nelson because they were allegedly improperly joined. *Id.* at ¶ 52.  In the Notice of Removal, Vopak asserts that diversity jurisdiction exists because the amount in controversy exceeds $75,000[1] and because the properly joined parties—plaintiffs, Vopak, and Trimac—are of diverse citizenship. *Id.* at ¶¶ 45–50, 8–11.  Vopak alleges that there is no possibility of recovery against the non-diverse defendants because plaintiffs' claims against FreedomTrucks are barred under the Louisiana Workers Compensation Act ("LWCA") and plaintiffs failed to state a claim against J.W. Nelson. *Id.* at ¶¶ 30, 31–42.

Plaintiffs filed a timely motion to remand. Doc. 15.  They contend that this court lacks jurisdiction because the non-diverse defendants are properly joined. *Id.* at pp. 5–9.  Specifically, plaintiffs claim the intentional acts exception to the LWCA applies to their claims against FreedomTrucks, which means it is properly joined. *Id.* at pp. 5–7.  Plaintiffs further claim that they have sufficiently pled the existence of J.W. Nelson's duty to Justin Demary and thus, J.W. Nelson was properly joined. *Id.* at pp. 8–9.

In opposition to the motion to remand, Vopak argues that plaintiffs' claims against the non-diverse defendants serve the sole purpose of destroying diversity. Doc. 17 at p. 5.  Specifically, Vopak asserts that the claims against FreedomTrucks are "nothing more than [an] attempt to use boilerplate language to escape the LWCA bar to civil suits against employers." *Id.* at p. 11.  Vopak further claims that the facts alleged in the petition for damages reveal that neither FreedomTrucks

---

[1] Plaintiffs do not contest this assertion.

nor J.W. Nelson knew that the tanker contained hazardous chemicals, despite plaintiffs' subsequent claims that FreedomTrucks had such knowledge. *Id.* at pp. 11, 15. Additionally, Vopak states that the negligence claims against J.W. Nelson are not viable because J.W. Nelson owed Justin Demary no legally recognized duty. *Id.* at p. 16. FreedomTrucks and J.W. Nelson each filed their own oppositions to the motion in which both concur with Vopak's arguments. Docs. 18, 27.

In reply to Vopak and FreedomTrucks [doc. 23], plaintiffs allege that FreedomTrucks was well aware of "the dangers and the risks" that were "substantially certain to occur" as a result of ordering Justin Demary to clean the tanker. Doc. 23, pp. 4–5. The plaintiffs then claim to have sufficiently pled a negligence cause of action against J.W. Nelson. *Id.*, p. 7; doc. 28.

## II.
### LAW AND ANALYSIS

### A. *Removal Jurisdiction and Improper Joinder Standards*

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S.Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996).

When determining subject matter jurisdiction, a court may disregard a non-diverse party's citizenship if the party was improperly joined. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Id.* at 574. Here, defendants did not allege actual fraud, so only the latter method is relevant. Thus, the pertinent question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The possibility of liability must be "reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

To determine whether defendants have demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendants, the court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. When conducting a Rule 12(b)(6)-type analysis, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id.* (citing *Twombly*, 127 S.Ct. 1955).

### B. *Application*

"[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (internal citations removed). A plaintiff's inability to make specific factual allegations against a non-diverse defendant is enough to establish improper joinder. *Id.*

#### 1. *Claims Against FreedomTrucks*

In their state court petition, plaintiffs bring claims against FreedomTrucks, Justin Demary's employer, for his work-related injuries, including his death. Doc. 1, att. 2. However, under the LWCA, workers' compensation is the exclusive remedy for employees injured on the job. La. R.S. 23:1032(A)(1)(a).

Plaintiffs claim the intentional act exception applies. Doc. 15, pp. 4–7. This exception to the exclusive remedy applies when the employer's intentional act proximately caused the employee's injury. La. R.S. 23:1032(B). Louisiana law states that intent arises when "the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981). Per the Louisiana Supreme Court, "substantially certain to follow" requires more than a reasonable probability that an injury will occur, and "certain" is defined as

"'inevitable' or 'incapable of failing.'" *Reeves v. Structural Preservation Sys.*, 731 So. 2d 208, 213 (La. 1999). "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Id.* at 212.

Here, plaintiffs did not allege that FreedomTrucks acted intentionally until they filed the instant motion; the petition for damages alleges negligence, fault, and want of care but lacks a specific allegation of intent. *See* doc. 1, att. 2, ¶ 9. Additionally, plaintiffs specifically state that there was no information available about the chemical that defendant Vopak used to clean the tanker trailer. Doc. 1, att. 2, ¶ 8.A. Moreover, plaintiffs claim that Justin Demary was left in the tanker trailer for over an hour after his coworkers called 911 because emergency personnel could not determine whether the chemicals in the tanker trailer were toxic or hazardous. *Id.* at ¶ 8.E. Thus, plaintiffs have not sufficiently pled facts to establish that FreedomTrucks knew that the tanker trailer's prior contents were toxic/hazardous or that Justin Demary's life would be in danger.

Because there are no factual allegations that FreedomTrucks consciously desired Justin Demary's death or knew that such death was substantially certain to follow his assignment to clean the tanker trailer, plaintiffs have not established any actions by FreedomTrucks that fall within the intentional act exception. Thus, there is no reasonable basis for this court to predict that plaintiffs might be able to recover against FreedomTrucks on the pleaded tort claims.

2. *Claims Against J.W. Nelson*

Plaintiffs seek damages from J.W. Nelson for negligence. Doc. 1, att. 2, ¶ 9. These claims include failure to train, properly instruct, properly supervise, provide personal protective equipment, provide testing and/or monitoring equipment or supplies, provide a safe working environment/safe premises, and provide rescue/emergency equipment and/or facilities. Doc. 1, att.

2, ¶ 9.B. Since these are negligence claims, whether J.W. Nelson owed a duty to Justin Demary is a threshold issue. *Meany v. Meany*, 639 So. 2d 229, 233 (La. 1994). Thus, we must determine whether plaintiffs presented sufficient factual matter on the issue of duty to state a claim of relief that is plausible on its face.

We first note that J.W. Nelson was not Justin Demary's employer. *See* doc. 1, att. 2, ¶ 8.A. Additionally, in the petition, plaintiffs do not specifically assert that J.W. Nelson owed a duty to Justin Demary. Instead, they imply a duty was owed by claiming that J.W. Nelson knew Justin Demary would be exposed to hazardous/toxic chemicals in the tanker trailer and knew that death from such exposure "is substantially certain to follow." Doc. 1, att. 2, ¶ 9.B. The Federal Rules "do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009).

Here, plaintiffs provide no facts to support these conclusory allegations about J.W. Nelson's knowledge. Therefore, we need not accept as true the claims that J.W. Nelson had knowledge of the hazardous chemicals and/or the danger they posed to Justin Demary. In the petition, as mentioned above, plaintiffs expressly state that defendant Vopak provided "no information regarding the purging chemical" it used before sending the tanker trailer back from Houston. Doc. 1, att. 2, ¶ 8.A. Plaintiffs further assert that "no emergency personnel could rule out whether the chemicals inside the tanker may be toxic or hazardous." *Id.* at ¶ 8.E. Furthermore, the only connection plaintiffs allege J.W. Nelson has to this case is that it may or may not maintain some unspecified lease agreement with defendant Trimac. *Id.* at ¶ 8.A. When accepted as true and viewed together, these factual allegations do not support the conclusion that J.W. Nelson knew about the chemicals and the danger they posed. Thus, there is not enough factual matter to plausibly plead that J.W. Nelson had knowledge of the danger, much less that it owed a duty to

Justin Demary. Therefore, plaintiffs have not alleged a claim of negligence against J.W. Nelson that is plausible on its face.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 15] be **DENIED** and that non-diverse defendants **FREEDOMTRUCKS OF AMERICA, LLC** and **J.W. NELSON TRANSPORTS, INC.** be dismissed from this action without prejudice.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE