**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **DANIEL DEMARY ET AL** | **CASE NO. 2:22-CV-00792** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FREEDOM TRUCKS OF AMERICA L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is "Plaintiffs' Motion in Limine" (Doc. 67), wherein Plaintiffs move to exclude or limit the following evidence at the trial of this matter: (1) evidence relative to marijuana use involving Decedent's death; (2) collateral sources, such as workers compensation; (3) attorneys' fees; (4) attorney retention; (5) Plaintiff or any other witness's arrest, indictment, prosecution or conviction of a crime more than 10 years ago; and (6) any exhibits or discovery material not previously produced during discovery.

On February 22, 2021, Justin Demary was working for Freedom Trucks of America, LLC ("Freedom Trucks"). He was asked to wash out a tank truck owned by Freedom Trucks. It appears that there is a dispute as to whether Justin was asked to wash the tank truck, or if he entered the tank truck of his own volition, or at the behest of his friend and co-worker, Dustin Wynn. Justin and Wynn were unaware that the tank truck had been purged with nitrogen at the Vopak Terminal Deer Park facility ("Vopak Terminal") because no warning tag was placed on the tanker by Vopak North America, Inc. ("Vopak"). Again, this is a disputed fact; a Vopak employee has testified that he did place a warning

tag on the tank truck.[1] Vopak operates a storage facility at which Freedom Truck had a liquid chemical cargo removed from the tanker about a month before Justin's accident. The tank truck was then transported back to Freedom Truck's yard on or about January 27, or January 28, 2021, where it sat dormant until the date of the accident.[2]

Justin entered the tank truck to perform the task but could not breath. He passed out and died of asphyxiation. Justin's parents and only heirs, Daniel and Tammy Demary, have filed this wrongful death action against several Defendants for the death of their son.

## LAW AND ANALYSIS

Plaintiffs move to exclude and/or limit certain testimony and evidence.

*Marijuana*

Plaintiffs move to exclude any testimony as to Justin's marijuana use at or near the time of the incident in question. Plaintiffs suggests that there is no evidence that Justin exhibited any signs of intoxication/impairment, risk-taking behaviors or overall responsiveness to negative consequences that led to his demise. Plaintiffs note that they have filed a motion to exclude the expert testimony of Dr. Pablo Sanchez Soria, PhD, CIH based on the absence of reliable supported factual to support Dr. Soria's opinions. This Court has denied that motion for the reasons set forth in the Memorandum Order. As noted

---

[1] Defendant's exhibit D, Max Limon Deposition, p. 28:12-21, Doc. 69-3.
[2] Defendant's exhibit C, Expert Report of Ray Commander, p. 4, Doc. 69-3.

in that ruling, the blood tests showed that Justin had a concentration of THC in his blood of 9.9ng/mL—about five time the established threshold for impairment.[3]

Defendant, Vopak Terminal, intends to introduce evidence of Justin's THC levels to show that his marijuana use may have affected his ability to make rational decisions that potentially contributed to this demise. Some of those decisions allegedly included entering a tank truck without personal protection equipment, including a mask and harness, and entering the tank truck when not necessary nor ordered to do so. Vopak argues that this evidence will assist the jury in determining the relative fault of the parties.

As to prejudicial effect within the meaning of Federal Rule of Evidence 403, Vopak Terminal contends that the compelling evidence of Justin's impairment from marijuana consumption is highly probative of his own negligence and will cause no unfair prejudice to Plaintiffs. Vopak Terminal cites to a plethora of cases where courts have routinely admitted such evidence of a party's illicit drug use as a bases for establishing that the party was negligent. See *Harris v. Kubota Tractor Corp.*, 2006 U.S. Dist. LEXIS 73510, *8 (W.D. La. 2006); *Ballou v. Henry Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981); *Durham v. County of Maui*, 742 F.Supp.2d 1121, 1130 (D. Haw. 2010); *Javernick v. U.S. Xpress, Inc.*, 2007 U.S. Dist. LEXIS 57082, *4 (W.D. Tex. Austin Div. 2007); *Grejeda v. Vail Resorts, Inc.*, 2022 U.S. Dist. LEXIS 218431, *55 (D.Vt. Dec. 5, 2022); *FTS Int'l Servs., LLC v. Patterson*, 2020 Tex. App. LEXIS 6851, *22 (Tex. App. 12th Cir. 2020).

---

[3] Defendant's exhibit B, Expert Report, p. 4.

Additionally, Defendants cite to numerous cases in their opposition to Plaintiffs' motion to exclude Dr. Soria[4] in which toxicologists are routinely allowed to testify about failed drug tests and the impairment of the drug-user. See *Bocanegra v. Vicmar Servc.*, 320 F.3d 581, 587 (5th Cir. 2003); *Owens v. Concrete Pipe & Prods. Co.*, 125 F.R.D. 113, 114-115 (E.D. Pa. 1989); *Howard v. Offshore Liftboats, LLC*, 2016 U.S.Dist. LEXIS 11372, *9 (E.D. La. 2016); *Cain v. Jefferson Parish Dep't of Fleet Mgmt.*, 701 So.2d 1059, 1016 (5th Cir. 1997). The Court finds no justification for excluding any evidence or testimony as to Justin's marijuana use and the effects thereof, on the date of the incident.

*Workers' compensation benefits/collateral source; attorney fees, payment or retention; evidence of arrests, indictment or prosecution or conviction of a crime more than 10 years ago; and any evidence or exhibits or discovery materials not previously produced.*

Plaintiffs move to exclude any evidence of the death benefits Plaintiffs received from Justin's workers compensation carrier. Plaintiffs argue that this evidence might inflame the jury and cause undue prejudice under Federal Rules of Evidence 401, 402. *Simmons v. Cornerstone Investments, LLC*, 282 So.3d 199, 204 (La. 2019). Vopak Terminal does not oppose the exclusion of this evidence or evidence that would include any other collateral sources; attorney fees, payment or retention; evidence of arrests, indictment or prosecution or conviction of a crime more than 10 years ago; and any evidence or exhibits or discovery materials not previously produced. The Court will prohibit this evidence at the trial of the matter. Accordingly,

---

[4] Doc. 69.

**IT IS ORDERED** that Plaintiffs' Motion in Limine (doc. 67) is **GRANTED** as to evidence of the death benefits Plaintiffs received from Justin's workers compensation carrier, and/or collateral sources; attorney fees, payment or retention; evidence of arrests, indictment or prosecution or conviction of a crime more than 10 years ago; and any evidence or exhibits or discovery materials not previously produced; the Motion is **DENIED** as to Justin's marijuana use and there affects thereof on the date of the incident.

**THUS DONE AND SIGNED** in Chambers on this 6th day of December, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**